UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 10-23178-CIV-O'SULLIVAN

[CONSENT]

DAMIAN MARLEY,

      Plaintiff,

v.

JETSHARES ONLY, LLC, et al.,

      Defendants.

_____/

## ORDER

THIS MATTER is before the Court pursuant to the defendants' Motions to Dismiss/Transfer for Improper Venue (DE# 21-22, 12/17/10).[1] Having reviewed the applicable filings and the law and having held a hearing on January 20, 2011, it is

ORDERED AND ADJUDGED that the defendants' Motion to Dismiss/Transfer for Improper Venue (DE# 22, 12/17/10) is **DENIED** for the reasons stated herein.

## BACKGROUND

On September 3, 2010, the plaintiff filed the instant action against the defendant alleging common law claims of unjust enrichment (Count I), tortuous interference with a contractual right (Count II) and conversion (Count III). See Complaint for Damages (DE# 1, 9/3/10). The complaint alleges that the plaintiff is a musician who was invited to perform at a concert in Abu Dhabi in the United Arab Emirates. Id. at ¶ 14. The plaintiff required a chartered round-trip flight for himself, his band and his crew from Miami,

---

[1] The defendants inadvertently filed the instant motion twice. Accordingly, the first motion, Motion to Dismiss/Transfer for Improper Venue (DE# 21, 12/17/10) is **DENIED as moot**. This Order will substantively address the later filed motion.

Florida to Abu Dhabi. Id. at ¶ 15. The plaintiff contacted a third party who in turn made arrangements with the defendants to charter a plane round-trip from Miami to Abu Dhabi. Id. at ¶¶ 16-18. The cost of the charter was $165,000.00. Id. at ¶ 24. The defendants negotiated with the third party and it was agreed that the plaintiff would pay a deposit of $145,000 to secure the aircraft. Id. at ¶¶ 24, 26-27. The plaintiff made this payment. Id. at ¶ 29-30. After obtaining the plaintiff's payment, the defendants flew the aircraft from Orlando, Florida to Miami, Florida in preparation for the plaintiff's flight. Id. at ¶ 32. The plaintiff became ill and cancelled the chartered flight. Id. at ¶ 33. The defendants employed the aircraft for a different flight. Id. at ¶ 34. The defendants retained the plaintiff's deposit. Id. at 42.

## ANALYSIS

**A.    Dismissal for Improper Venue**

The defendants seek to dismiss the plaintiff's complaint for improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure. See Motion to Dismiss/Transfer for Improper Venue, and Affidavits and Memorandum of Law in Support (DE# 22 at 1, 12/17/10). The plaintiff invokes the Court's diversity jurisdiction. Venue in a diversity case is controlled by 28 U.S.C. § 1391(a). The statute provides:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, **(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred**, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a) (emphasis added). The defendants have filed an affidavit attesting that the defendants are residents of Orange County located in the Middle District of Florida. See Affidavit of Joshua Perrotta (DE# 22-1 at ¶¶ 4-5, 12/17/10). The affidavit further states that the plane in question is physically based in Orange County, Florida and in Michigan and that the monies paid for the flight were wired to the defendants' bank account in Orange County. Id. at ¶¶ 6, 11.

The plaintiff does not dispute the contents of this affidavit. Rather, the plaintiff argues that because the chartered plane was scheduled to fly round-trip from Miami, Florida to Abu Dhabi in the United Arab Emirates, a substantial part of the events or omissions giving rise to the plaintiff's claims occurred in this district. Plaintiff's Response in Opposition to Defendants' Motion to Dismiss Complaint/Transfer for Improper Venue (DE# 24 at 5, 12/20/10).

At the hearing on the instant motion, the plaintiff acknowledged that venue would be proper in the Middle District of Florida but argued that it was also proper in this district. The Court agrees with the plaintiff that a substantial part of the events or omissions giving rise to the plaintiff's claims occurred in this district. The fact that the plane was chartered to fly out of Miami and return to Miami and that the cancellation of the plaintiff's chartered flight took place while the plane was in Miami is sufficient to find that a substantial part of the events or omissions giving rise to the plaintiff's claims occurred in this district. See Waters Edge Living, LLC v. RSUI Indemnity Co., No. 4:06cv334-RH/WCS, 2007 WL 1021359 at *4 (N.D. Fla. Mar. 31, 2007) (stating that "§ 1391(a)(2) does not limit venue to the place where all or most of the events giving rise to the claim occurred; the statute places venue in every district where a 'substantial

3

part' of the events occurred."). In the instant case, the plaintiff's claims have a close nexus to this district. The cancellation of the subject flight (in Miami) gave rise or was the proximate cause of the defendants retaining the $145,000 deposit forming the basis of the plaintiff's claims of unjust enrichment, tortuous interference with a contractual right and conversion. Moreover, this is not a cause where the defendants are being hauled to a district that has little or no connection to the case. "A central purpose of the federal venue statute is to ensure that a defendant is not 'hailed into a remote district having no real relationship to the dispute.'" Hemispherx Biopharma, Inc. v. MidSouth Capital, Inc., 669 F. Supp. 2d 1353, 1357 (S.D. Fla. 2009) (citing Woodke v. Dahm, 70 F.3d 983, 985 (8th Cir. 1995) (quoting Cottman Transmission Sys., Inc. v. Martino, 36 F.3d 291, 294 (3d Cir.1994)). While the Middle District would have also been a proper venue for the filing of the instant action, in this case a substantial part of the events giving rise to the plaintiff's claims occurred in more than one district. See Jenkins Brick Co. v. Bremer, 321 F.3d 1366, 1371 (11th Cir. 2003) (noting that the amendment to section 1391 "contemplates some cases in which venue will be proper in two or more districts."). Accordingly, the defendants' motion to dismiss the instant action for improper venue under Fed. R. Civ. P. 12(b)(3) is **DENIED**.

**B.    Transfer[2]**

As an alternative to dismissal, the defendants seek the transfer of the instant action to the Middle District of Florida. The defendants do not identify the statute they seek the transfer under. Section 1404(a), United States Code, Title 28 states "[f]or the

---

[2] At the hearing on the instant motion, the defendants indicated that it was in the Court's discretion whether to dismiss or transfer the instant action.

4

convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "The federal courts traditionally have accorded a plaintiff's choice of forum considerable deference." In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989) (per curiam) (citation omitted). Additionally, "in the usual motion for transfer under section 1404(a), the burden is on the movant to establish that the suggested forum is more convenient." Id. The defendants have failed to show that the Middle District is a more convenient forum for the instant case. Transferring the instant case to the Middle District of Florida would likely shift the inconvenience from the defendants to the plaintiff. Accordingly, the defendants' request to transfer the instant action to the Middle District of Florida is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida this **14th** day of February, 2011.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
All counsel of record

5