UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 10-23178-CIV-O'SULLIVAN
[CONSENT]

DAMIAN MARLEY,
    Plaintiff,

v.

JETSHARES ONLY, LLC, et al.,
    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on to the Plaintiff's Motion to Strike Defendants' Affirmative Defenses and Supporting Memorandum of Law (DE# 36, 3/14/11). Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that the Plaintiff's Motion to Strike Defendants' Affirmative Defenses and Supporting Memorandum of Law (DE# 36, 3/14/11) is **DENIED** for the reasons stated herein.

## BACKGROUND

On September 3, 2010, the plaintiff filed a complaint against the defendants, seeking damages for unjust enrichment, tortious interference with a contractual right and conversion. See Complaint for Damages (DE #1, 9/3/10)(hereinafter "Complaint"). The defendants filed their Answer and Affirmative Defenses (DE# 35, 2/24/11) (hereinafter "Answer") on February 24, 2011. On March 14, 2011, the plaintiff filed the instant motion, Plaintiff's Motion to Strike Defendants' Affirmative Defenses and Supporting Memorandum of Law (DE# 36, 3/14/11) (hereinafter "Motion to Strike") pursuant to Fed. R. Civ. P. 12(f) and S.D. Fla. L. R. 7.1. Specifically, the plaintiff seeks

to strike the affirmative defenses asserted in paragraphs 4 through 9 and 11 of the Answer. On April 1, 2011, the defendants filed their response to the Motion to Strike. See Defendants Response to Plaintiff's Motion to Strike Defenses (DE# 38, 4/1/11) (hereinafter "Response"). On April 4, 2011, the defendants filed a Notice of Additional Legal Authority (DE #40, 4/20/11). No reply was filed. In the Motion to Strike (DE# 36, 3/14/11), the plaintiff requests oral argument. The Court finds that oral argument is unnecessary.

## ANALYSIS

Under the Federal Rules of Civil Procedure, the Court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored and are usually denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC., No. 09-61490-CIV, 2010 WL 5393265, at *1 (S.D. Fla. Dec. 21, 2010) (citation omitted). Affirmative defenses fall under the general pleading requirements of Rule 8 of the Federal Rule of Civil Procedure and should be stricken if they fail to recite more than bare-bones conclusory allegations. Id. at *2 (quoting Home Mgmt. Solutions, Inc. v. Prescient, Inc., No 07-20608-CIV, 2007 WL 2412834, at *2 (S.D. Fla. Aug. 21, 2007)). They should also be stricken when they are insufficient as a matter of law. Id. at *2 (quoting Microsoft Corp. v. Jesse's Computers and Repairs, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002)). A defense is insufficient as a matter of law only if the pleading on its face is patently frivolous, or it is clearly invalid as a matter of law. Id.

The defendants request that the Court construe their response to the motion to strike as a motion to dismiss. See Response (DE# 38 at 2, 4/1/11). The defendants provide no legal authority for this request and the Court declines the invitation. Rule 12 of the Federal Rules of Civil Procedure and Local Rule 7.1 provide a mechanism by which parties may present motions to dismiss to the Court. If the defendants wished to obtain a ruling on a motion to dismiss, they should have filed one. The Court will only address the motion pending before it, the plaintiff's Motion to Strike (DE# 36, 3/14/11).

1.  **Affirmative Defenses in Paragraphs 4 through 6, 8 and 9 Asserting Defects in the Plaintiff's Complaint**

The plaintiff seeks to strike the affirmative defenses in paragraphs 4 through 6, 8 and 9 because they only allege defects in the plaintiff's complaint. In paragraphs 4 through 6, 8 and 9 of the Answer, the defendants allege that the plaintiff has failed to state a cause of action with regards to each count in the Complaint. See Answer (DE# 35 at 1-2, 2/24/11). In their affirmative defenses, the defendants explain in detail why they believe the plaintiff has failed to state a cause of action for unjust enrichment, tortious interference with a contractual right and conversion. A defense that points out defects in the Plaintiff's prima facie case is not a true affirmative defense. See In re Rawson Food Service, Inc., 846 F.2d 1343 (11th Cir. 1988). While some courts have stricken these types of defenses, other courts have found that the proper remedy is not to strike these defenses but to treat these defenses as specific denials. Cl Int'l Fuel, LTDA v. Helm Bank, S.A., No. 10-20347-CIV, 2010 WL 3368664, at *2-3 (S.D. Fla. Aug. 23, 2010) (denying motion to strike and treating defenses as denials) (citation omitted). The Court finds that the latter approach is more consistent with the disfavored

3

status of motions to strike. The Court will treat the asserted defenses in paragraphs 4 through 6, 8 and 9 of the Answer as specific denials. The Motion to Strike (DE# 36, 3/14/11) is **DENIED** on this ground.

2. **Legal Sufficiency of Affirmative Defenses Asserted in Paragraphs 4 though 9 and 11**

The plaintiff also seeks to strike the affirmative defenses asserted in paragraphs 4 through 9 and 11 of the Answer because they are insufficient as a matter of law. Motion to Strike (DE# 36 at 3-9, 3/14/11). "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." Pandora, 2010 WL 5393265, at *2 (citation). The Court will address each affirmative defense in turn.

    a.    **Paragraph 4**

In paragraph 4 of the Answer, the defendants assert the following:

> 4. As his affirmative defense, Defendant Joshua Perrotta asserts that the Plaintiff has failed to state a cause of action against him personally under Count I for unjust enrichment. Plaintiff has failed to plead sufficient ultimate facts which, if true, would sustain a claim against Perrotta individually. The allegations and exhibits show that the funds were delivered to the corporate defendant, Jetshares, and not Perrotta individually. If any money is owed back, it would be from Jetshares.

Answer (DE# 35 at 1-2, 2/24/11). The plaintiff argues that this affirmative defense must be stricken because the defense does not assert that the plaintiff's claim is deficient with respect to the elements of unjust enrichment. See Motion to Strike (DE# 36 at 3). The Court is not persuaded by the plaintiff's argument. In paragraph 4, the defendants assert that the plaintiff has failed to state a cause of action for unjust enrichment against defendant Joshua Perrotta individually because there are no allegations that

4

the funds were delivered to him. The Court cannot say that this defense is patently frivolous or clearly invalid as a matter of law.

### b.     Paragraph 5

In paragraph 5 of the Answer, the defendants assert the following:

> 5. As their affirmative defense to Counts 2 and 3, Defendants assert that Plaintiff has failed to state causes of action against them. With regard to the Count Three, Plaintiff has failed to allege sufficient ultimate facts to constitute a claim for conversion. Specifically, Plaintiff has failed to identify a discrete fund which Defendant held in trust for the benefit of Plaintiff or Defendants did not have the right to possess. All Plaintiff alleges is that a sum of money was paid to Defendants for future services to be rendered by Defendants without any restrictions on Defendants' use of the funds. Plaintiff later made a demand for refund of the monies when he canceled the services before full performance and Defendant failed to refund the money. Failing to pay a debt cannot be the basis for conversion.

Answer (DE# 35 at 2, 2/24/11). The plaintiff asserts that this defense must be stricken because it is nothing more than a conclusory allegation as it pertains to Count 2, tortious interference with a contractual right. See Motion to Strike (DE# 36 at 4, 3/14/11). Paragraph 5 states that the plaintiff has failed to state a cause of action for tortious interference with a contractual right (Count 2) and conversion (Count 3). The defendants first address why the conversion claim (Count 3) is insufficient as a matter of law. They go on to explain why they believe the plaintiff has failed to state a cause of action for tortious interference with a contractual right (Count 2) in the following paragraph, paragraph 6, discussed, infra. Thus, the first sentence in paragraph 5 is obviously an introduction to paragraphs 5 and 6. The plaintiff has failed to show any prejudice in the reference to Count 2 in paragraph 5, particularly when the following paragraph, paragraph 6, addresses Count 2 in detail.

The plaintiff also argues that paragraph 5 is "invalid as a matter of law" because he has properly pled a cause of action for conversion. Motion to Strike (DE# 36 at 4, 3/14/11). Paragraph 5 specifically states that "[the p]laintiff has failed to identify a discrete fund which Defendant held in trust for the benefit of Plaintiff or Defendants did not have the right to possess." Answer (DE# 35 at 2, 2/24/11). The defendants argue that Florida law requires "that when money is the subject of a claim for conversion, the money must be subject to specific identification and be an identifiable or discreet fund." Response (DE# 38 at 3-4, 4/1/11) (citations omitted). Paragraph 5 raises the issue of whether the $145,000.00 can serve as the basis of a conversion claim in the instant case. "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995) (citation omitted). The Court will not strike paragraph 5 on this ground.

    c.    **Paragraph 6**

In paragraph 6 of the Answer, the defendants assert the following:

> 6. With regard to Count Two for "Tortious Interference with a Contractual Right," Plaintiff has failed to allege sufficient ultimate facts to constitute such a claim. The contract which was the subject of the alleged interference was between Consolidated Aviation and Plaintiff to provide an overseas flight to Plaintiff. The monies were delivered [to] Defendant Jetshares under a separate contract between Consolidated and Defendant. Plaintiff alleges that he unilaterally cancelled the flight prior to its departure and demanded a return of the payment. Defendant's failure to return the monies under the terms of its contract with Consolidated cannot constitute an interference with Consolidated's contract with Plaintiff. There are no allegations either Defendant induced Consolidated to breach its contract with Plaintiff for Defendants' benefit. There is not

even an allegation that Consolidated breached its contract with Plaintiff. Answer (DE# 35 at 2-3, 2/24/11). The plaintiff argues that the defense alleged in paragraph 6 is insufficient as a matter of law because he properly pled all the elements of a cause of action for tortious interference with a contractual right and no allegation that the defendant induced a third party to act is required. The defendants respond that "[the p]laintiff has failed to allege how [the d]efendants wrongfully interfered with Consolidated Aviation's contract with [the p]laintiff by intending to cause or induce Consolidated Aviation to breach its contract with [the p]laintiff." See Response (DE# 38 at 6, 4/1/11). Here, the defendants are raising legitimate issues regarding the plaintiff's cause of action for tortious interference with a contractual right. Reyher, 881 F. Supp. at 576 (citation omitted). Accordingly, the Court will not strike paragraph 6 for insufficiency as a matter of law.

### d. Paragraph 7

In paragraph 7 of the Answer, the defendants assert the following:

7. With regard to Count 1 for Unjust Enrichment, Defendant(s) assert a right of setoff. Defendant(s) assert that they are entitled to setoff against the $145,000.00 demanded by Plaintiff, the monetary damages suffered by Defendant(s) as a result of Plaintiffs breach of contract by cancelling the flight after Defendant(s) had commenced performance. The facts supporting this defense are as follows:

Defendant Jetshares negotiated a contract for a flight with what appears to have been Plaintiffs agent, Consolidated Aviation. Regardless, it was known to Defendant(s) that the flight was for the benefit of Mr. Marley, so he would qualify as a third-party beneficiary of the contract between Jetshares and Consolidated. The money was paid to Defendant Jetshares and Defendant completed preparations for the flight which was to leave from Miami. On the designated day and time, the plane and crew were there in Miami awaiting Mr. Marley's arrival. Mr. Marley's representative contacted Defendant(s) and informed them that Mr. Marley was cancelling

> the flight due to illness. In preparation for the flight and in reliance on the contract between the parties, Defendant(s) incurred substantial expenses up to the point that the flight was cancelled. In response to Plaintiffs demand for refund of the full price of $145,000.00 paid, to Jetshares, Defendant(s) asserts that they are entitled to setoff the damages which were incurred by reason of Mr. Marley's unauthorized termination of full performance of the contract, which damages consist of the out-of-pocket expenses incurred by Defendant(s) in preparation for and performance of the contract up to the point of termination as well as the gross profit it would have received under full performance of the contract.

Answer (DE# 35 at 3-4, 2/24/11). The plaintiff argues that this affirmative defense is insufficient as a matter of law because a third party beneficiary of a contract cannot breach that contract, the defendants cannot recover gross profits under the terms of the contract or under the theory of unjust enrichment and the defendants may seek a set-off of no more than the actual benefit conferred upon the plaintiff. See Motion to Strike (DE# 36 at 5-6, 3/14/11). The defendants maintain that under Timberland Consolidated P'ship v. Andrews Land & Timber, Inc., 818 So. 609 (Fla. 5th DCA 2002), the plaintiff's claim for restitution of monies paid is limited to the deposit less damages suffered by the defendants and that the defendants' damages include lost profits. Response (DE# 38 at 12, 4/1/11). The Court will not decide this issue on a motion to strike. "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike . . . ." Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995). It is sufficient that the defendants' affirmative defense is not patently frivolous. See Jesse's Computers and Repairs, Inc., 211 F.R.D. at 683. The Court will not strike paragraph 7.

    e.    **Paragraph 8**

In paragraph 8 of the Answer, the defendants assert the following:

> 8. With regard to Count 1 for Unjust Enrichment, Defendant(s) further assert that they will not be unjustly enriched by being allowed to retain all or most of the monies paid. There was no contract directly between Plaintiff and Defendant(s). Defendant(s) entered into a binding contract with Consolidated to provide an overseas flight for the benefit of Plaintiff. Defendant(s) commenced performance of that contract and incurred costs and forewent other opportunities in reliance on the contract. Defendants were ready, willing, and able to fully perform the contract at the time Plaintiff unilaterally and without just cause under the terms of Defendant(s)' contract with Consolidated canceled the flight, thereby denying Defendant(s) the benefit of their bargain. The reasonable value of the services actually provided to Plaintiff prior to cancellation is equal to $145,000 or a substantial portion of it. Plaintiff has received full value for the monies paid.

Answer (DE# 35 at 4-5, 2/24/11). The plaintiff seeks to strike paragraph 8 of the Answer on the ground that "the justification provided as to why [the d]efendants would not be unjustly enriched is improper." Motion to Strike (DE# 36 at 7, 3/14/11). Specifically, the plaintiff argues that to maintain a cause of action for unjust enrichment he does not need to allege the existence of a contract and that the "benefit of the bargain" is not the appropriate standard for measuring damages for claims of unjust enrichment. Id. at 7-8. The plaintiff misconstrues the arguments made in paragraph 8. The defendants are not stating that the existence of a contract is an element of a claim for unjust enrichment or that damages for unjust enrichment must be limited to the benefit of the bargain. The defendants are merely asserting that they were not unjustly enriched in retaining the $145,000.00 because they performed under the contract: "[the d]efendant(s) commenced performance of that contract and incurred costs and forewent other opportunities in reliance on the contract. Defendants were ready, willing, and able to fully perform the contract." Answer (DE# 35 at 4-5, 2/24/11).

The plaintiff also alleges that the defense asserted in paragraph 8 is redundant

because it is similar to the defense asserted in paragraph 7 of the Answer. <u>See</u> Motion to Strike (DE# 36 at 7, 3/14/11). A motion to strike for redundancy should not be granted in the absence of a clear showing of prejudice to the movant. <u>See</u> <u>CI International Fuels</u>, 2010 WL 3368664, at *3. The plaintiff has failed to show that he will be prejudiced if paragraph 8 is not stricken. Therefore, the plaintiff's request to strike Paragraph 8 as redundant is **DENIED**.

  f.  **Paragraph 9**

In paragraph 9 of the Answer, the defendants assert the following:

> 9. As further affirmative defense, Defendants assert that Plaintiff has failed to join an indispensable party, to-wit, Consolidated Aviation. It was the party in direct privity with Defendant(s) with regard to the flight contract and it delivered [ ] the funds to Defendant(s). Its rights and obligations vis-a-vis Defendants and Plaintiff will be affected by the outcome of this litigation. The failure to join Consolidated could result in multiple claims against Defendants for refund of the monies and multiple claims by Plaintiff against both Defendants and Consolidated for refund. Consolidated's rights and obligations with regard to the $145,000 are inextricably intertwined with Plaintiffs claims against Defendants.

Answer (DE# 35 at 5, 2/24/11). The plaintiff argues that the "[d]efendants' assertion that Consolidated Aviation is an indispensable party is patently frivolous on its face because Defendants and not Consolidated Aviation retained Plaintiff's $145,000." Motion to Strike (DE# 36 at 8, 3/14/11). "A party is 'indispensable' if in its absence, the court cannot accord complete relief among the existing parties; proceeding without the party will impede the party's interests; or **proceeding without the party exposes an existing party to the risk of incurring multiple or inconsistent obligations.**" <u>Pujals ex rel. El Rey De Los Habanos, Inc. v. Garcia</u>, No. 10-22990-CIV, 2011 WL 1134989, at * 5 (S.D. Fla. Mar. 28, 2011) (emphasis added) (citing  Fed. R. Civ. P. 19(a)(1)). In

paragraph 9, the defendants assert that "[t]he failure to join Consolidated could result in multiple claims against Defendants for refund of the monies and multiple claims by Plaintiff against both Defendants and Consolidated for refund." Answer (DE# 35 at 5, 2/24/11). On these facts, the Court cannot say that the defense raised in paragraph 9 is patently frivolous on the face of the pleadings or clearly invalid as a matter of law. Jesse's Computers and Repairs, Inc., 211 F.R.D. at 683. The Court will not strike Paragraph 9.

### g. Paragraph 11

In paragraph 11 of the Answer, the defendants assert the following:

> 11. As additional defense, Defendants assert Plaintiff has no standing to bring this action because he did not pay the monies to Defendant(s) and he did not have any contract with Defendant(s) regarding the flight.

Answer (DE# 35 at 6, 2/24/11). The plaintiff maintains that this affirmative defense "asserts an incorrect basis for asserting a lack of standing, and thus should be stricken." Motion to Strike (DE# 36 at 8, 3/14/11). Specifically, the plaintiff argues that standing consists of three elements[1] and the "[d]efendants do not assert that Plaintiff's Complaint is deficient in any of these three ways." Id. at 9. The plaintiff's argument is not well taken. The defendants assert that the plaintiff lacks standing because he did not have a contract with the defendants and did not directly pay any funds to the defendants. Answer (DE# 35 at 6, 2/24/11). "[T]he question of standing is whether the litigant is

---

[1] "Standing requires three elements: (1) the plaintiff must have suffered an injury in fact; (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be likely that the injury will be redressed by a favorable decision. Motion to Strike (DE# 36 at 8-9, 3/14/11) (citing Conservancy of Southwest, Florida v. U.S. Fish & Wildlife Serv., No. 2:10-cv-FtM-SPC, 2010 WL 5140729, *12 (M.D. Fla. Nov. 12, 2010).

11

entitled to have the court decide the merits of the dispute or of particular issues." <u>Kaloe Shipping Co. Ltd. v. Goltens Service Co., Inc.</u>, 315 Fed. Appx. 877, 879-80 (11th Cir. 2009) (alteration in original) (quoting <u>Warth v. Seldin</u>, 422 U.S. 490, 498 (1975)). In <u>Fesnak and Associates, LLP v. U.S. Bank Nat. Ass'n</u>, 722 F. Supp. 2d 496, 503 (D. Del. 2010), the court denied a motion to strike the affirmative defense of standing noting that "standing is always required for any action in federal court" and the plaintiff had failed to show any prejudice by the assertion of this affirmative defense. Similarly here, the plaintiff failed to show that standing is an insufficient defense as a matter of law or that he will be prejudiced by allowing the defendants to continue to assert this affirmative defense. The plaintiff's motion to strike paragraph 11 is **DENIED**.

## CONCLUSION

Motions to strike affirmative defenses are disfavored. To the extent that the defenses raised by the defendants are not true affirmative defenses, the Court will treat those defenses as specific denials. The affirmative defenses challenged by the plaintiff in the instant motion are not insufficient as a matter of law and the plaintiff has failed to show prejudice in allowing the defendants to continue to assert the challenged affirmative defenses. For these reasons, the plaintiff's Motion to Strike (DE# 36, 3/14/11) is **DENIED** in its entirety.

DONE AND ORDERED in Chambers at Miami, Florida this 30 day of JUNE 2011.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
All counsel of record